DANIEL V. REMER (DVT1569)
**THE LIGA LAW GROUP, P.C.**
Counsel to DANNY Y. CHEONG
777 Westchester Avenue, Suite 101
White Plains, New York 10604
(877) 725-5442

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------

In Re:

**DANNY Y. CHEONG**

                Debtor

---------------------------------------------------------------

**1ST CONSTITUTION BANK**

                Plaintiff,

v.

**DANNY Y. CHEONG**

                Defedant

_____

Case No:    **14-31583-RG**

Chapter    **13**

Adv. Proc. No:  **15-01078-RG**

## **ANSWER**

Defendant, DANNY Y. CHEONG, by its undersigned counsel, responds to the Plaintiff's allegations as follows:

1.  Defendant affirms the allegations in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 50, 51, and 65/

2.  Defendant denies the allegations in paragraphs 42, 63, 64, 66, 67, and 68.

3.  Defendant can neither deny or affirm the allegations in paragraphs 1, 44, 45, 46, 47, 48, 49, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61.

4.  To the extent the Defendant affirmed and denied the allegations set above it does so in paragraph 62.

## AFFIRMATIVE DEFENSES

5. Defendant did not knowingly or otherwise commit fraud. Defendant openly consolidated operations in order to cut operating costs and move equipment between entities which were both secured by the Plaintiff.

6. Defendant never received any consideration, whatsoever from NISSI or PAUL LEE.

7. Defendant never assigned his rights to any property to anyone, he simply surrendered his premises to his landlord SEJAL. To the best of Defendant's knowledge, SEJAL gave PAUL LEE a new lease, unrelated to Defendant.

8. To the best of Defendant's knowledge, PAUL LEE paid Plaintiff for any equipment that Plaintiff had a security interest in.

9. Defendant contends that its debt to Plaintiff was discharged in his previous Chapter 7 case in March 2012. And, that any "personal guarantee" in the Stand Still Agreement was illegal re-affirmation of the debt, which contradicted the whole purpose of the Chapter 7 bankruptcy.

10. Defendant never lied about anything, nor did it ever conceal its actions from anyone.

11. PAUL LEE, was once an employee of the Defendant and chose to start his own business independent of the Defendant and without any financial assistance from the Defendant. Defendant has no relationship with NISSI.

12. The Defendant filed its current bankruptcy case in good faith, in an attempt to save his home.

**WHEREFORE**, Defendant prays that the Court deny Plaintiff's demands preventing the dischargeability of the debt.

**DATED:**   March 4, 2015

**THE LIGA LAW GROUP, P.C.**
*Counsel to DANNY Y. CHEONG*

By:   /s/ DANIEL V. REMER, ESQ.
DANIEL V. REMER (DVT1569)
777 Westchester Avenue, Suite 101
White Plains, New York 10604
(877) 725-5442
(917) 591-8818  Fax